FILED
November 04, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SAMIR HAKIMI, A# 249 119 300,<br><br>Petitioner,<br><br>v.<br><br>WARDEN F/N/U GARCIA; SECRETARY KRISTI NOEM, U.S. Department of Homeland Security; UNITED STATES ATTORNEY GENERAL PAMELA BONDI; DEPARTMENT OF HOMELAND SECURITY; and IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Respondents. | SA-25-CV-01386-OLG |

## ORDER OF TRANSFER

*Pro se* Petitioner Samir Hakimi, an immigration detainee currently confined in the La Salle County Regional Detention Center, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus in the United States District Court for the Western District of Texas, San Antonio Division, seeking relief from his current detention. (Dkt. No. 1). After reviewing the Petition, the Court finds this matter should be transferred to the United States District Court for the Southern District of Texas, Laredo Division.

Federal district courts have jurisdiction to consider § 2241 petitions challenging the validity of an immigration detainee's continued detention. *Abdulle v. Gonzales*, 422 F. Supp.2d 774, 776 (W.D. Tex. 2006) (citing *Gul v. Rozos*, 163 F. App'x 317, 318–19 (5th Cir. 2006) (per curiam)). However, § 2241(a) limits a district court's authority to grant writs of habeas corpus to those filed by persons "within their respective jurisdiction." *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (quoting 28 U.S.C. § 2241(a)). According to the Supreme Court, for "core habeas

petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Rumsfeld v. Padilla*, 542 U.S. 425, 443 (2004)). Relying on *J.G.G.* and *Padilla*, courts in this district have found jurisdiction for § 2241 petitions filed by immigration detainees lies in the district of confinement. *See, e.g., Lopez–Arevelo v. Ripa*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *5 (W.D. Tex. Sept. 22, 2025); *M.A.P.S. v. Garite*, 786 F. Supp.3d 1026, 1042 (W.D. Tex. 2025); *Sanchez Puentes v. Garite*, 780 F. Supp.3d 682, 694 (W.D. Tex. 2025).

As stated in his Petition, Hakimi is currently confined in the La Salle County Regional Detention Center and was confined in that facility when he filed his Petition. (Dkt. No. 1). The La Salle County Regional Detention Center is located in La Salle County, Texas, which is in the Laredo Division of the Southern District of Texas. *See* 28 U.S.C. § 124(b)(3). Thus, the Court finds jurisdiction over this matter lies in the Laredo Division of the Southern District of Texas. *See J.G.G.*, 604 U.S. at 672; *Lopez–Arevelo*, 2025 WL 2691828, at *5; *M.A.P.S.*, 786 F. Supp.3d at 1042; *Sanchez Puentes*, 780 F. Supp.3d at 694; *see also* 28 U.S.C.§ 124(b)(3).

**IT IS THEREFORE ORDERED** that the above–referenced cause, *Hakimi v. Warden F/N/U Garcia, et al.*, No. 5:25-CV-01386-OLG, is **TRANSFERRED** to the United States District Court for the Southern District of Texas, Laredo Division.

It is **SO ORDERED**.

**SIGNED** this 4th day of November, 2025.

_____
ORLANDO L. GARCIA
United States District Judge